UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LYNETT WILSON,

        Plaintiff,

                                                                     Case Number 10-12258-BC
v.                                                               Honorable Thomas L. Ludington

ALEDA E. LUTZ VA MEDICAL CENTER,

        Defendant.
_____ /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, AND CANCELING HEARING**

On June 8, 2010, Plaintiff Lynett Wilson filed a complaint against Defendant Aleda E. Lutz VA Medical Center alleging that she was discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101–.2804. Plaintiff works at the medical center and is an employee of the United States Department of Veterans Affairs ("VA").[1]

On January 3, 2011, the Court issued an order to show cause, noting that an answer had still not been filed and directing Plaintiff to explain why her complaint should not be dismissed for want of prosecution. *See* E.D. Mich. L.R. 41.2. Plaintiff's counsel responded on January 6, 2011, explaining that the complaint was not properly served within the 120-day time period. Plaintiff's counsel also noted that the attorney who filed the case was no longer with the firm, even though the firm still represents the Plaintiff. Plaintiff's counsel represented that the complaint was properly

---

[1] As a VA employee, she should have named the Secretary of Veterans Affairs, Eric K. Shineski, as the defendant and not the medical center. *See* 42 U.S.C. § 2000e-16(c).

served on January 6, 2011, and asked the Court for a ninety-two day extension of the time period for serving process under Federal Rule of Civil Procedure 4(m).

On March 11, 2011, Defendant, represented by the U.S. Attorney for the Eastern District of Michigan, filed a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(5). Defendant explained that the complaint had still not been properly served, notwithstanding Plaintiff's representation to the contrary, and asked the Court to dismiss the complaint without prejudice. Defendant explains in its motion that Plaintiff has still not perfected service on the United States Attorney for the Eastern District of Michigan. Defendant also included a letter sent to Plaintiff's counsel on January 4, 2011, outlining the law governing service of process on a federal agency. [Dkt. # 11-3]. The letter explains:

> The Federal Rules of Civil Procedure require a party to serve the United States and file a proof of service with the district court. "To serve the United States, a party must (A)(i) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought – [or his her designee] or (ii) send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States Attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i–ii). In addition to serving the United States Attorney's office, Fed. R. Civ. P. 4(i)(1)(B) requires a party to serve the Attorney General of the United States by sending the summons and complaint to his office in Washington D.C. via registered or certified mail. You did not comply with either of these rules. Defendant has not and will not waive service in this case.

*Id.*

Eleven months have passed since the complaint was filed, including a four-month period that followed the government's letter providing a detailed explanation of the service rules. As Defendant emphasizes, Plaintiff has still not properly served Defendant, nor has she filed a motion seeking an extension of the deadline for serving process. Moreover, Plaintiff has not demonstrated good cause for an extension of the deadline for serving process. Indeed, the only explanation offered by

Plaintiff's counsel for neglecting the service requirements is that the attorney originally assigned to the case has left the firm.  Accordingly, the government's motion to dismiss will be granted and Plaintiff's complaint will be dismissed without prejudice.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Rule 4(i), service on a United States' agency, including the VA, requires delivery of a copy of the summons and complaint to the United States Attorney for the Eastern District of Michigan, Fed. R. Civ. P. 4(i)(1)(A), delivery of a copy of the summons and complaint to the Attorney General in Washington, D.C., Fed. R. Civ. P. 4(i)(1)(B), and delivery of a copy of the summons and complaint to the agency that is being sued, here the VA, Fed. R. Civ. P. 4(i)(2).

Plaintiff served the VA on July 6, 2010, but she did not serve the Attorney General or the United States Attorney for the Eastern District of Michigan within the 120-day period.  She served the Attorney General on January 6, 2011, ninety-two days late.  She has still not served the United States Attorney for the Eastern District of Michigan.  Because Plaintiff did not complete service within the 120-day period, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).

Plaintiff argues that the Court has the authority to extend the time for service even though Plaintiff cannot demonstrate good cause for the delay.  *See Henderson v. United States*, 517 U.S. 654, 662–63 (1996) ("[I]n the 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.' ") (citing Advisory

Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p. 654). She further argues that there is some authority for permitting service. However, in nearly twenty years since the change cited by Plaintiff, Sixth Circuit decisions have continued to focus on good cause as a justification for an exception to the 120-day requirement. *See, e.g.*, *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (affirming decision to deny extension of service deadline based on "reluctan[ce] to disturb a district court's 'discretionary determination' of whether good cause has been shown") (citation omitted); *Bush v. City of Zeeland*, 74 F. App'x 581, 583 (6th Cir. 2003) (affirming decision to dismiss complaint without prejudice based on failure of service where "plaintiffs' motion and affidavit were insufficient to show good cause"); *Fisher v. Merryman*, 32 F. App'x 721, 723 (6th Cir. 2002) (affirming dismissal of claim where plaintiff had not shown good cause for failure to serve process).

Even if *Henderson* furnished unequivocal authority to substitute the reasonable exercise of discretion for a good cause explanation of the delay, Plaintiff has not advanced any explanation for the delay that would warrant the exercise of reasonable discretion. Indeed, to further extend the date without any explanation turns the 120-day requirement on it head, and shifts the burden of shepherding compliance with the service of process requirements to the defendant.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [Dkt. # 11] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for May 23, 2011 was canceled based on the Court's determination that the parties' papers presented the necessary information to resolve the motion.  E.D. Mich. L.R. 7.1(f).

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: May 27, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---